IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:10CR4 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| JUAN LOPEZ-GABRIEL, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Modified Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 22). The government adopted the PSR (Filing No. 21). Alternatively, the Defendant moves for a downward departure and for a variation or deviation. (Filing No. 22.)  See Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to the "unproven assumption that his relevant conduct extends as far back as July 19, 2001"[1] without listing specific paragraphs. (Filing No. 22.) The Defendant's objective is to eliminate some of the assessed criminal history points that would not apply if his relevant conduct were not determined by his earlier reentry that constituted one of his prior convictions. The PSR reports that the Defendant is in Criminal History Category IV based on 8 criminal history points. The Defendant argues that he

---

[1] The PSR states that his arrest history reflects that the Defendant was in this country at least as early as this date. (PSR, ¶ 10.) The PSR also reflects that the Defendant's criminal history in this country extends as far back as 1996 and includes three prior deportations in 1997 and 1998. (PSR, ¶¶ 22-28, 31-33.)

should have 4 criminal history points yielding placement in Criminal History Category III. The Defendant's argument is not supported by case law.

The Eighth Circuit has stated that "illegal reentry is an ongoing offense beginning on the date of reentry" and ending when the individual is found in the United States. *United States v. Sanchez-Briones,* 133 Fed. Appx. 354, at *1 (8th Cir. 2005). Applying this principle to this case, it appears that July 19, 2001, is the Defendant's date of reentry with respect to the instant offense. The objection is denied.

The Defendant's requests for downward departure, variation and/or deviation will be heard at sentencing.

IT IS ORDERED:

1. The Court's tentative findings are that the Defendant's objections to the PSR (Filing No. 22) are denied;

2. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

3. Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final;

4. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

5.    The Defendant's requests for downward departure, variation and/or deviation (Filing No. 22) will be heard at sentencing.

DATED this 14th day of May, 2010.

BY THE COURT:

S/ Laurie Smith Camp
United States District Judge